IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00646-BNB

MICHAEL GERALD GAMBOA, and ALL SIMILARLY SITUATED INMATES,

     Plaintiff,

v.

WARDEN RIOS,
WALTER CLARK,
CASE MANAGER SANCHEZ,
MRS. BORGES,
OTHERS UNKNOWN, and
BUREAU OF PRISONS (Respondeat Superior),

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Michael Gerald Gamboa is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He filed *pro se* a civil rights complaint for money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), alleging that the defendants have violated his rights under the United States Constitution. Mr. Gamboa has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006).

The Court must construe the complaint liberally because Mr. Gamboa is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gamboa will be ordered to file an amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure.

The Court has reviewed the complaint and has determined that the amended complaint is deficient. Mr. Gamboa may not sue the BOP in a *Bivens* action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). The United States is immune from a *Bivens* claim for money damages. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987).

Mr. Gamboa alleges that he not been allowed to purchase additional postage and paper to facilitate his filing a timely petition for rehearing and his pursuing other pending litigation. He also alleges that his legal mail was not mailed in a timely manner. Mr. Gamboa fails to make factual allegations demonstrating each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction,

2

or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant such as Warden Rios may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, Mr. Gamboa alleges that he has failed to exhaust each of his claims through the BOP grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Gamboa is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Gamboa must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Gamboa has failed to exhaust

administrative remedies for any one of his claims, the entire complaint must be dismissed.  Mr. Gamboa will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure as to his asserted claims.

Finally, Mr. Gamboa is advised that he must provide sufficient copies of the amended complaint to serve each named defendant.  The Court will not make the copies necessary for service.  Therefore, Mr. Gamboa should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Mr. Gamboa file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to exhaust the United States Bureau of Prisons' three-step administrative remedy procedure.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Gamboa, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Gamboa submit sufficient copies of the

amended complaint to serve each named defendant.  It is

     FURTHER ORDERED that, if Mr. Gamboa fails to comply with this order to the

Court's satisfaction within the time allowed, the complaint and the action will be

dismissed without further notice.

     DATED June 30, 2006, at Denver, Colorado.

                  BY THE COURT:

                  _s/ Boyd N. Boland_____
                  United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00646-BNB

Michael Gamboa
Reg. No. 06940-059
USP  – Hazelton
PO Box 2000
Bruceton Mills, WV 26525

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on *6/30/06*

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk