IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00646-BNB

MICHAEL GERALD GAMBOA, and ALL SIMILARLY SITUATED INMATES,

    Plaintiff,

v.

WARDEN RIOS,
WALTER CLARK,
CASE MANAGER SANCHEZ,
MRS. BORGES,
OTHERS UNKNOWN, and
BUREAU OF PRISONS (Respondeat Superior),

    Defendants.

---

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

---

Applicant Michael Gerald Gamboa is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He filed *pro se* a civil rights complaint for money damages pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), alleging that the defendants have violated his rights under the United States Constitution.

He also filed a motion titled "Motion for Temporary Injuntive [sic] Relief – Restraining Order" and a brief in support of the motion. The Court must construe the motion liberally because Mr. Gamboa is a *pro se* litigant. *See **Haines v. Kerner***, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Therefore, the Court will construe the motion as a motion for a temporary restraining order and a preliminary injunction. For the reasons stated below, the liberally construed motion for a temporary restraining order and a preliminary injunction will be denied.

Mr. Gamboa asks this Court to order Defendants to allow him to purchase additional postage and paper to facilitate his pursuit of pending litigation. A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Gamboa fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Therefore, the motion for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion titled "Motion for Temporary Injuntive [sic] Relief – Restraining Order" submitted by Plaintiff Michael Gerald Gamboa and filed with the Court on April 7, 2006, and which the Court has construed liberally as a motion for a

temporary restraining order and a preliminary injunction, is denied.

    DATED at Denver, Colorado, this _10_ day of _____July_____, 2006.

BY THE COURT:

_/s/ Zita L. Weinshienk_
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00646-BNB

Michael Gamboa
Reg. No. 06940-059
USP – Hazelton
PO Box 2000
Bruceton Mills, WV 26525

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/10/06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk